FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JUL 18  PM 4: 14

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RALPH STUCKEY** | **CIVIL ACTION** |
| **VERSUS** | **NO:     00-0010** |
| **ED C. DAY, WARDEN** | **SECTION: "R"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing, if necessary, and to submit Proposed Findings and Recommendations for disposition pursuant to **Title 28 United States Code § 636(b)(1)(B) and (C)**, and as applicable, Rule 8(b) of the Rules Governing **§ 2254** Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

---

[1]Under 28 U.S.C. § 2254(e)(2), the decision of whether to hold an Evidentiary Hearing is now a statutorily mandated determination. According to § 2254(e)(2), the district court may hold an Evidentiary Hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by an exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B)

DATE OF MAILING JUL 19 2000

DATE OF ENTRY
JUL 19 2000



## I.    Procedural History

On June 12, 1985, Ralph Stuckey ("Stuckey") was charged by Bill of Information with two separate counts of armed robbery in violation of La. R.S. § 14:64.[2] At his arraignment on June 19, 1985, Stuckey pled guilty to both counts. Subsequently, the State filed a Bill of Information, charging Stuckey as a multiple bill offender under La. R.S. § 15:529.1.

On June 24, 1985, Stuckey was sentenced as a multiple offender to serve thirty-three years at hard labor with credit for time served. The sentence would run concurrent with the sentence he was presently serving. Further, the sentence was without the benefit of probation, parole, or suspension of sentence.

On February 2, 1988, Stuckey filed an application for Post-Conviction Relief, challenging the sentence.[3] On March 1, 1988 the trial court denied the application.[4]

On September 5, 1989, Stuckey filed an Application for Supervisory Writ with the Fourth Circuit Court of Appeals, seeking review of the district court's denial of his Application for Post-Conviction Relief.[5] On September 12, 1990, the Fourth Circuit Court of Appeals vacated the sentence and ordered the trial court to re-sentence Stuckey as a first offender pursuant to La. R.S. § 15:521.1, which requires that prior convictions precede the commission of the instant offense in order to enhance a defendant's status to a multiple offender.[6]

---

[2]Docket Master located at State Rec., vol. 1 of 5.

[3]State Rec., vol. 3 of 5.

[4]State Rec., vol. 3 of 5.

[5]State Rec., vol 3 of 5.

[6]State Rec., vol. 3 of 5.

On August 31, 1993, Stuckey was re-sentenced as a first offender and ordered to serve twenty-five years with credit for time served, without the benefit of probation, parole, or suspension of sentence.[7] The judge, however, stated on the record that the sentence would not run concurrently with any other sentence.[8]

Stuckey did not appeal the sentence. His sentence became final on September 5, 1993, five days after the re-sentencing hearing. *See* La. Code Crim. Proc. art. 914.[9]

On or about September 26, 1993, Stuckey submitted a Motion to Reconsider Sentence with the trial court.[10] He asserted that the trial court violated the terms of his plea agreement and did not follow the sentencing guidelines. Thereafter, Stuckey filed a Writ of Mandamus with the Fourth Circuit Court of Appeal, which was denied on March 8, 1994.[11] Stuckey filed a second Writ of Mandamus with the Fourth Circuit Court of Appeal. The writ was denied as repetitious on May 10, 1994.[12]

---

[7]Transcript of re-sentencing located at State Rec., vol. 1 of 5.

[8]*Id.*

[9]Louisiana Code of Criminal Procedure article 914 states that a motion for appeal must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. Appeal becomes final upon expiration of this time period.

[10]State Rec., vol. 1 of 5.

[11]State Rec., vol. 2 of 5.

[12]State Rec., vol. 2 of 5.

On June 2, 1994, Stuckey filed a Writ of Mandamus with the Louisiana Supreme Court.[13] On August 10, 1994, the Louisiana Supreme Court directed the trial court to render a decision on Stuckey's Motion to Reconsider.[14]

On August 15, 1994, the trial court denied Stuckey's Motion to Reconsider Sentence on the merits.[15]   On September 1, 1995, the Louisiana Supreme Court denied Stuckey's Writ of Mandamus as moot.[16]

On March 23, 1998, Stuckey filed a Motion for Clarification of Sentence with the trial court.[17] He asserted that when he pled guilty, his plea agreement provided that the sentences would be served concurrently with the seventeen-year sentence that he was currently serving for a different crime.  On May 15, 1998, the trial court denied the motion.[18]

Stuckey filed a Writ Application with the Fourth Circuit Court of Appeal.[19]  On December 23, 1998, the Fourth Circuit Court of Appeal denied the motion citing La. Crim. Proc. art. 930.3[20]

---

[13]State Rec., vol. 1 of 5.

[14]*State ex rel. Stuckey v. Criminal Dist. Court, Parish New Orleans*, No. 94-1407, 640 So.2d 1363 (La. 8/10/94).

[15]State Rec., vol. 4 of 5.

[16]*State ex rel. Stuckey v. Criminal Dist. Court, Parish New Orleans*, 94-1407, 659 So.2d 505 (La. 9/1/95).

[17]State Rec., vol. 1 of 5.

[18]State Rec., vol. 1 of 5.

[19]The record is not clear as to the date Stuckey filed the application with the Court of Appeals.

[20]Louisiana Code of Criminal Procedure article 930.3 states:
      If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:
      (1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana;
      (2) The court exceeded its jurisdiction;
      (3) The conviction or sentence subjected him to double jeopardy;
      (4) The limitations on the institution of prosecution had expired;
      (5) The statute creating the offense for which he was convicted and sentenced is unconstitutional; or

and *State ex rel. Melinie v. State*, No. 93-1380, 665 So.2d 1172 (La. 1/12/96).[21] The appellate court held that Stuckey's challenge of the original sentence, which was the result of the plea agreement, rendered it *ab initio,* as if the sentence never occurred.[22] The Court further held that the sentence was within the statutory limits.[23] Stuckey subsequently filed a Request for Rehearing, which was denied by the Fourth Circuit Court of Appeals on February 17, 1999.[24]

On March 10, 1999, Stuckey filed a Writ Application with the Louisiana Supreme Court. On March 17, 1999, Stuckey filed an Application for Supervisory Writs with the Louisiana Supreme Court.  On August 25, 1999, the Louisiana Supreme Court denied the Writ Application as untimely.[25]

On or about December 13, 1999, Stuckey signed his federal *habeas* petition and mailed it to the Clerk of Court, Eastern District of Louisiana.[26]  Stuckey contends that during the August 31, 1993 re-sentencing hearing, the trial court rendered an excessive sentence.  He further contends that the trial judge violated his original plea agreement, because the re-sentence did not indicate that it would run concurrently with any other sentence.

---

(6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States  or the state of Louisiana.

[21]*State v. Stuckey*, 98-2122, 737 So.2d 770 (La. App. 4th Cir. 12/23/98).

[22]State Rec., vol. 4 of 5.

[23]State Rec. vol. 4 of 5.

[24]State Rec., vol. 4 of 5.

[25]*State ex rel. Stuckey v. Criminal Dist. Court, Parish New Orleans*, 99-7744, 746 So.2d 1274 (La. 8/25/99).

[26]On January 21, 2000, Stuckey applied for Supervisory Writ with the Louisiana Supreme Court, arguing that his sentence was excessive sentence.  The Supreme Court has not yet responded to this writ.

On March 28, 2000, the State filed its response to the petition, challenging the timeliness of Stuckey's *habeas* petition.

## III. Limitations

The State contends that Stuckey's petition is time barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), as amended, which requires that a petitioner bring his § 2254 claim within one year of the date his conviction became final.[27]

### A. Direct Review

The record shows that Stuckey did not seek direct review of the August 31, 1993 conviction. Therefore, his conviction became final on September 5, 1993, five days after he was sentenced. *See* La. Code Crim. Proc. art. 914. According to the one-year AEDPA statute of limitations, Stuckey had until September 5, 1994, to file his § 2254 claim. However, his *habeas*

---

[27]The statute of limitations provision of the AEDPA states:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C.§ 2244(d).

6

application was not filed until December 13, 1999. Stuckey did not file his petition within the one year grace period allowed by AEDPA, which expired on April 24, 1997. Although the AEDPA grace period applies to Stuckey's application because his conviction became final on September 5, 1993, before the effective date of April 24, 1996. The next question is whether the limitations period was tolled because Stuckey had a properly filed Application for Post-Conviction Relief.

## B.    Tolling

Section 2244 (d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). Stuckey did not have any applications for post-conviction relief pending in the state courts during the one year period between April 24, 1996, and April 24, 1997, and therefore, does not benefit from the tolling provision of § 2244(d)(2).

Therefore, Stuckey had until April 24, 1997, to file his application. However, Stuckey filed his federal *habeas* petition on December 13, 1999, over two years late, rendering his petition untimely.

## IV.    RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Stuckey's application for *habeas corpus* relief pursuant to § 2254 be **DISMISSED WITH PREJUDICE on the grounds that it is time barred**.

A party's failure to file written objections to the Proposed Findings, Conclusions, and Recommendation is a Magistrate Judge's Report and Recommendation within ten **(10 days)** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the Unobjected-to Proposed Factual Findings and Legal Conclusions accepted by the

7

district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_18th\_\_ day of July 2000.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

8